### WINGERSKY v. UNITED STATES GRAND LODGE, INDEPENDENT ORDER FREE SONS OF ISRAEL.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

INSURANCE (§ 815*)—BENEFICIAL ASSOCIATION—ACTION—COMPLAINT—SUFFICIENCY OF ALLEGATIONS.

Where an action against a fraternal benefit association was grounded on its by-laws, the complaint was defective for alleging the by-laws in force when the action was commenced, and not at insured's death, more than a year theretofore.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1996–1998; Dec. Dig. § 815.*]

Appeal from Special Term, New York County.

Action by Hattie Wingersky against the United States Grand Lodge, Independent Order Free Sons of Israel. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed, with leave to amend.

See, also, 126 N. Y. Supp. 1150.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, and CLARKE, JJ.

August P. Wagener, for appellant.
Maurice B. Blumenthal, for respondent.

PER CURIAM. The complaint is defective because it does not show what were the provisions of the by-laws when plaintiff's husband died. The complaint speaks entirely in the present tense, and alleges only the provisions of the by-laws when the action was commenced, which was more than a year after the husband's death. Non constat the by-laws may have been effectively amended in the meantime.

The interlocutory judgment is therefore affirmed, with costs and disbursements, with leave to plaintiff to amend her complaint within 20 days, upon payment of costs in this court and in the court below.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes